IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THERESA COFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22cv393 |
| | ) |
| EISENBERG LOGISTICS | ) |
| GREENSBORO, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER APPROVING SETTLEMENT

Before the court is the joint motion for approval of a settlement of various employment claims by Plaintiff Theresa Coffin against Defendant Eisenberg Logistics Greensboro, Inc., ("Eisenberg"). (Doc. 33.) Coffin's complaint purported to assert a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), as well as individual claims pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq. ("NCWHA"), and for breach of contract. (Doc. 1 ¶¶ 49-69, 70-79.) However, the parties have now reached a settlement, with payment only to Coffin. (Doc. 33.) The joint motion requests approval of the parties' Settlement Agreement and Release, including the payments to Coffin, the release of claims, and payment of attorneys' fees, as well as a dismissal with prejudice. (Doc. 33 ¶ 1, 3.) For the reasons set forth below, the motion will be granted.

## I. BACKGROUND

Eisenberg operates a package pickup and delivery business servicing customers throughout North Carolina. Coffin, a former employee, alleges violations of the FLSA, the NCWHA, and for breach of contract. (Doc. 1 ¶¶ 1-3, 20, 49-69, 70-79.) Coffin claims that she was not paid required overtime wages for her work in excess of 40 hours per week and that Eisenberg had a policy and practice of failing to record all hours worked. (Doc. 1 ¶¶ 1-3, 49-69.) She also claims that Eisenberg failed to pay her a promised bonus in violation of the NCWHA and her contract. (Id. ¶¶ 70-79.)

On October 3, 2022, Coffin moved for conditional certification of a class and for court approval to send notice to putative plaintiffs. (Doc. 18.) Eisenberg responded in opposition. (Doc. 26.) Thereafter, however, the parties reached a settlement resolving Coffin's claims on an individual basis, which prompted this joint motion. (Doc. 33; see Doc. 34 at 2.)

Eisenberg continues to deny liability. (Doc. 34 at 2.) However, as part of the settlement with Coffin, it has agreed to the following conditions: (1) payment of $5,850.00, representing overtime wages and liquidated damages and (2) payment of $3,700.00, representing attorneys' fees in return for a release of Coffin's FLSA overtime claims. (Doc. 34 at 2.) Eisenberg contends that the agreement was "the product of an adversarial litigation process

2

in which all parties were represented by experienced counsel with significant experience in FLSA cases." (Doc. 34 at 2-3.) Further, "the terms and conditions of the agreement were carefully negotiated and reflect a fair and reasonable alternative to continued litigation." (Id. at 3.)  Thus, both parties request that the court approve the settlement, and both party's counsel have filed declarations in support of the settlement. (Id.; Docs. 34-2, 35.) The court has reviewed the parties' joint motion and has considered the entire record in this action.

## II. APPLICABLE LAW

To approve a settlement, the court must determine whether it is a fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); Taylor v. Progress Energy, Inc., 493 F.3d 454, 460 (4th Cir. 2007), superseded on other grounds as recognized by Whiting v. Johns Hopkins Hosp., 416 F. App'x 312, 316 (4th Cir. 2011); 29 U.S.C. § 216. Under § 216(b), when an action is brought by an employee against his employer to recover back wages, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. Lynn's Foods Stores, 679 F.2d at 1353-54.

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." Taylor, 493 F.3d at

3

460 (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114–16 (1946)). "[E]mployees cannot waive their right to . . . wages [under the FLSA] unless such a settlement is overseen by the Department of Labor or approved for fairness and reasonableness by a district court." Boone v. City of Suffolk, 79 F. Supp. 2d 603, 605 n.2 (E.D. Va. 1999) (citing Lynn's Food Stores, 679 F.2d at 1355). Thus, courts must determine that an FLSA settlement between an employee and an employer represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before approving the settlement. Hargrove v. Ryla Teleservices, Inc., No. 2:11cv344, 2013 WL 1897027, at *10 (E.D. Va. Apr. 12, 2013) (quoting Lynn's Food Stores, 679 F.2d at 1355), recommendation adopted by Hargrove v. Ryla Teleservices, Inc., A. No. 2:11cv344, 2013 WL 1897110 (E.D. Va. May 3, 2013).

Although the Fourth Circuit has not directly addressed the relevant factors the court should consider when determining whether a FLSA collective action settlement is fair and reasonable, district courts within the circuit have generally considered the fairness factors a court would consider under Federal Rule of Civil Procedure 23(e). See Hoffman v. First Student, Inc., Civ. No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010). For example, one court has cited the following factors for consideration:

4

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

Hargrove, 2013 WL 1897027, at *2 (citing Lomascolo v. Parson Brinckerhoff, Inc., No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). "There is a 'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." Lomascolo v. Parsons Brinckerhoff, Inc., Civ. A. No. 1:08cv1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. June 23, 2009) (quoting Camp v. Progressive Corp., No. 01-2680, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)), recommendation adopted by Lomascolo v. Parsons Brinckerhoff, Inc., No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, (E.D. Va. Sept. 28, 2009).

Finally, if a court approves a settlement and dismisses an individual plaintiff's claims, the Supreme Court has intimated that this can moot collective action claims in the suit. See Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72-73 (2013) (noting that "While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' [] the mere presence of collective-action allegations

5

in the complaint cannot save the suit from mootness once the individual claim is satisfied."; see also Juan Acevedo Parra v. Quality Controlled Concrete, LLC., No. 1:13CV1113, 2015 WL 12750445, at *2-3 (M.D.N.C. Mar. 11, 2015) (evaluating Genesis Healthcare Corp. and noting that once a plaintiff's individual claims are dismissed, a court likely does not retain jurisdiction pursuant to the mootness doctrine.) Thus, the court may dismiss a collective action once an individual plaintiff's claims are satisfied, so long as there is no other plaintiff in the action that has a live claim.

## III. RELEVANT FACTORS FAVORING SETTLEMENT

In considering the relevant factors, the court finds the following: (1) the parties have engaged in sufficient, informal discovery (including sharing evidence and testimony by and through Coffin's motion for conditional certification that forecasted for the parties the relevant information and claims at issue) (Doc. 34 at 4-5; Doc. 35 ¶ 5); (2) the stage of the proceedings and the complexity, expense, and likely duration of continued litigation favor settlement; (3) there is no evidence of any collusion or fraud in the settlement; (4) Plaintiffs' counsel is experienced in such cases, having negotiated prior FLSA cases within this district on behalf of other employees and/or collective actions (see Doc. 34-2); and (5) collective counsel urges the court to approve the settlement as fair and reasonable (see, e.g., id.; Doc. 35). The

6

court has also considered the probability of Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. The proposed settlement appears to be the product of arms-length bargaining between experienced collective counsel and experienced Defendants' counsel, who have independently evaluated the likelihood of prevailing on their claims and defenses. Accordingly, the court grants final approval to the settlement.

**IV. ATTORNEYS' FEES & COSTS**

The FLSA authorizes "a reasonable attorney's fee to be paid by the defendant, and costs of the action," in addition to any judgment awarded to the plaintiff. 29 U.S.C. § 216(b); see <u>Poulin v. Gen. Dynamics Shared Res., Inc.</u>, No. 3:09-CV-00058, 2010 WL 1813497, at *3-4 (W.D. Va. May 5, 2010) ("[T]he language of the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs[]' . . . ." (quoting <u>Maddrix v. Dize</u>, 153 F.2d 274, 275-76 (4th Cir. 1946))). The Fourth Circuit considers twelve factors in judging the reasonableness of an award of attorneys' fees in FLSA cases:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations

7

> imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978), superseded by statute on other grounds as recognized by Knapp v. Americredit Fin. Servs., 245 F. Supp. 2d 841, 848 (4th Cir. 2003).

In addition, Plaintiff's counsel agreed to represent Coffin at significant financial risk and have invested substantial time and energy to obtain this settlement. "Fee awards in wage and hour cases are meant to 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" Aros v. United Rentals, Inc., Civ. A. No. 3:10-CV-73, 2012 WL 3060470, at *4 (D. Conn. July 26, 2012) (quoting Sand v. Greenberg, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).

Here, Plaintiff's counsel represents that the total lodestar fee amount is $6,669.67 but requests $3,700.00 as part of the settlement. (See Doc. 34 at 8-9.) Moreover, Plaintiff's counsel has advanced that they have already worked approximately 20.90 hours on the case. (Id. (citing Doc. 34-2, Doc. 35).) The proposed attorneys' fee is significantly less than the loadstar amount, cf. Johnson v. Big Lots Stores, Inc., 639 F. Supp. 2d 696, 705 (E.D.

8

La. 2009) (lodestar award is presumptively reasonable and should be modified only in exceptional cases, but the court may enhance the award based upon application of the factors considered for an attorney fee award), and is to the benefit of Coffin. Further, Plaintiff's counsel contends that they "decreased or removed attorney billings that might be considered duplicative or excessive, including removing all billing related to Plaintiff's Motion for Conditional Certification." (Doc. 34 at 9 (citing Doc. 34-2 ¶ 13, Doc. 35 ¶ 1).) Considering all of these factors, the court finds that an attorneys' fee award of $3,700.00 is fair and reasonable.

Finally, because the court approves the proposed settlement and extinguishes Coffin's claims, the allegations of a collective action are moot.

**V.   CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that the Joint Motion to Approve the Settlement (Doc. 33) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's counsel's request for attorneys' fees in the total amount of $3,700.00 is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Theresa Coffin shall receive $5,850.00 as a reasonable settlement amount.

IT IS FURTHER ORDERED that the above-captioned case is DISMISSED.

9

/s/   Thomas D. Schroeder
                                          United States District Judge

April 10, 2023